**In re Jeffrey John FAGAN, Debtor.**

**Carol PETERSON, Plaintiff,**

v.

**Jeffrey John FAGAN, Defendant.**

**Bankruptcy No. 91–20826–WCH.
Adv. No. 92–1227.**

United States Bankruptcy Court,
D. Massachusetts.

Aug. 12, 1992.

Thomas Gleason, Haverhill, Mass., for plaintiff.

Jeffrey A. Kitaeff, Rosenberg & Kitaeff, N. Andover, Mass., for defendant.

## DECISION REGARDING DISCHARGEABILITY COMPLAINT

WILLIAM C. HILLMAN, Bankruptcy Judge.

Jeffrey John Fagan ("Fagan") and Carol Peterson ("Peterson") were married on June 6, 1987. In December of 1988, they purchased a condominium jointly executing a promissory note and mortgage.

The divorce judgment incorporated a separation agreement ("Agreement") that the parties had executed on October 18, 1990. The Agreement provided that they were to be bound by Exhibit A. Paragraph 1 of Exhibit A, entitled "Alimony", stated that "in view of their present respective incomes and employabilities, and the provisions of this agreement, each party hereby waives all rights which he or she now or may hereafter acquire under the present or future law of any jurisdiction." Exhibit A further provided that the condominium would be deeded to Fagan and that Fagan would indemnify Peterson from any liability based upon a deficiency judgment.

On December 30, 1991, Fagan filed for relief under Chapter 7 of the Bankruptcy Code ("Code"). On March 30, 1992, Peterson filed the instant complaint objecting to the dischargeability of the indemnification agreement under 11 U.S.C. § 523(a)(5).[1] Peterson alleges that the indemnification agreement is in the nature of alimony, support, or maintenance.

## DISCUSSION

This Court has held that the issue of whether a debt is in the nature of alimony support or maintenance is determined by bankruptcy law, not state law. *Brenner v. Brenner (In re Brenner)*, 91–1385–WCH (Bankr.D.Mass.1992) (citing *Daviau v. Daviau*, 16 B.R. 421, 423 (Bankr.D.Mass. (1982)). The appellation given to the debt is not determinative of the issue. *Daviau, supra.* The nature of the debt is based

---

1. 11 U.S.C. § 523(a)(5) provides:

   (a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

   (5) to a spouse, former spouse ... for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record ...

upon the parties' intent at the time of the agreement. *Altavilla v. Altavilla,* 40 B.R. 938, 941 (Bankr.D.Mass.1984). Factors used in determining intent include:

a) whether the payment is a lump sum or in installments;

b) whether the obligation ends upon certain events;

c) whether the obligation was in lieu of greater alimony allowance;

d) whether the support would be inadequate without the obligation;

e) the length of the marriage;

f) whether children were involved;

g) the earning power of the parties.

*Id.*

In this case, the Agreement states that neither party sought alimony so there are no payments and no obligations that terminate upon a date certain. The parties were married for a brief period of time, had no children, and enjoyed approximately equal incomes.

With respect to the need for or adequacy of support, Peterson states that at the time of the divorce she would have required alimony from Fagan to satisfy her expenses and debts and that Fagan's assumption of the debt was a form of support. The Court does not agree given her income, small amount of liabilities, lack of children, and brief marriage.

■ In this case, Peterson had the burden of proving that the promissory note was in the nature of alimony, support, or maintenance. *Grogan v. Garner,* —— U.S. ——, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). After applying the *Altavilla* factors to determine the intent of the parties with respect to the indemnification agreement, the Court concludes that Peterson has not met her burden of showing that it was in the nature of alimony, support, or maintenance.

For these reasons the Court finds for Fagan on the complaint. A separate order will issue.